UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ETHEL LIDDELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:12CV776  FRB |
| | ) |
| METROPOLITAN POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Ethel Liddell for leave to commence this action without payment of the required filing fee.[1]  *See* 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

---

[1]The Court notes that although the caption of the complaint lists Ethel Liddell and her son, Maurice Partlow, as party-plaintiffs, only Ethel Liddell has signed the complaint.  Moreover, only Ethel Liddell has submitted a motion for leave to proceed in forma pauperis and a CJA-23 Financial Affidavit.  For these reasons, and in light of the fact that this action will be dismissed as legally frivolous, the Court will strike Maurice Partlow as a party-plaintiff to this action.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff, a resident of St. Louis, Missouri, brings this action against defendants Metropolitan Police Department, Judge Michael Stelzer, and police officers John Applegate, Joseph Crew, Adrian Patton, Marc Wasem, Damon Willis, Michael Minor, Lyndon Carnell, and J.D. McCloskey. Plaintiff alleges that an invalid search warrant

was executed at her home on February 14, 2012.  Plaintiff claims that her son, Maurice Partlow, was taken into custody, although the warrant did not describe any of " the items of drugs or currency[] found in [her] home."

Although plaintiff has failed to state the jurisdictional grounds for filing this action in Federal Court, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.[2]

## Discussion

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous as to the Metropolitan Police Department, because police departments are not suable entities under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

As to the remaining individual defendants, the Court notes that plaintiff is suing them in their official capacities.  *See  Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims);

---

[2]To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, because complete diversity of citizenship is lacking.  See 28 U.S.C. § 1332.

3

*Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court notes that plaintiff has failed to assert any allegations against defendants Judge Stelzer, John Applegate, Joseph Crew, Adrian Patton, Marc Wasem, Damon Willis, Michael Minor, and/or Lyndon Carnell. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judge is immune from suit for damages unless actions were non-judicial or taken in complete absence of all

4

jurisdiction). Plaintiff's claim that defendant J.D. McCloskey refused to speak to her does not rise to the level of a constitutional violation and fails to state a claim or cause of action under § 1983. For these reasons, the Court will dismiss is action pursuant to § 1915 (e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** Maurice Partlow as a party-plaintiff to this action.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of June, 2012

_____
**UNITED STATES DISTRICT JUDGE**